Hines, Appellant, *v.* Globe Solvents Co., Inc.
Wingate, Appellant, *v.* Warner Company, Inc.

Argued April 28, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*James Francis McCort,* with him *Peter P. Zion,* for appellants.

*John H. Lewis, Jr.,* with him *John C. Peet, Jr.,* and *Morgan, Lewis & Bockius,* for appellee.

*Edward Davis,* with him *Alan R. Howe,* for appellee.

Opinion by Mr. Justice Cohen, May 24, 1966:

Appellants instituted this action by filing a *petition and rule* seeking to show cause why certain grievances should not be processed in accordance with an existing labor contract entered into by the two defendants and requiring arbitration as part of the grievance procedure.

Both defendants raise questions concerning the propriety of instituting this action by petition and rule and cite Rule 1007 of the Rules of Civil Procedure as conclusive authority that it may not be so instituted. Rule 1007 requires that an action may be commenced by filing with the prothonotary: (1) process for writ of summons, (2) complaint, or (3) agreement for amicable action.

Appellants apparently now maintain that the Act of April 25, 1927, P. L. 381, 5 P.S. §161 et seq., permits such procedure. Section 3 of the Act (5 P.S. §163) does provide that where there has been a failure, neglect or refusal to perform under an agreement for arbitration, the aggrieved party may *petition* the court of common pleas of the county for an order to show cause why such arbitration should not proceed in the manner provided for in the agreement.

However, the Arbitration Act of 1927 also requires in §15 thereof (5 P.S. §175) that an order refusing to

direct the parties to proceed to arbitration must be taken to the Supreme Court within 30 days from the date the order is made. Appellants did not do this. Thus, even if appellants were correct in commencing this action by petition and rule they must fail since they did not appeal from the order dismissing their petition within the required appealable limit. We so expressly held in *Electrical Switchgear Union v. I-T-E Circuit Breaker Co.,* 417 Pa. 49, 208 A. 2d 473 (1965) indicating that the purposes of the Arbitration Act, in general, and the statute applicable to this type of order, in particular, make timeliness imperative.

Appeals dismissed.[1]

---

[1] While this opinion is written as if there were but one litigated case, our determination applies to both Nos. 338 and 339. In No. 338, the docket entries disclose that the petition was dismissed by the lower court on July 1, 1965 and the appeal was not perfected until August 26, 1965. In No. 339, the docket entries disclose that the order appealed from was entered also on July 1, 1965 and also not perfected until August 26, 1965.